Chen v. Holder

BIA
Christensen, IJ
A200 933 701

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand fifteen.

PRESENT:
　　　　DENNIS JACOBS,
　　　　PETER W. HALL,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*

_____

JIAN LEI CHEN, AKA JIANLEI CHEN,
　　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　　14-950
　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Jian Lei Chen, pro se, Fresh Meadows, New York.

FOR RESPONDENT:　　　　Stuart F. Delery, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Nicole J. Thomas-Dorris, Trial Attorney, Office of Immigration Litigation,

United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Lei Chen, a native and citizen of the People's Republic of China, seeks review of a January 17, 2014, decision of the BIA affirming a December 7, 2011, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Lei Chen,* No. A200 933 701 (B.I.A. Jan. 17, 2014), *aff'g* No. A200 933 701 (Immig. Ct. N.Y. City Dec. 7, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a

2

credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Chen was not credible.

The agency reasonably relied on several discrepancies in the record. For example, Chen testified that his mother arranged for his girlfriend to deliver their baby at a private hospital on a date eleven months after they discovered she was pregnant. The IJ was not compelled to credit Chen's explanation that he was young and unaware of the normal gestation period because presumably both his mother and the hospital with which she made arrangements would have had such knowledge. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). The agency also reasonably relied on record inconsistencies related to whether Chen told doctors at a public hospital that he had been beaten, and whether family planning officials arrested Chen at his house or his father's house. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-67. Having questioned Chen's credibility, the agency reasonably relied further on his failure to provide credible evidence to

rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Given the inconsistency and corroboration findings, which called into question whether there was any pregnancy or beating—the two main facts underlying the claim-the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Chen's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4